IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAKE GBOHUNMI AND STEPHANIE KEENE,<br>    *Plaintiffs,*<br><br>    v.<br><br>MOMENTUM ADVISORY COLLECTIVE,<br>    *Defendant.* | Civil No. 24-1677 |

**MEMORANDUM**

**Costello, J.**                                                                                                       September 24, 2025

      Plaintiffs Alake Gbohunmi and Stephanie Keene are former employees of Defendant Momentum Advisory Collective.  They allege that Defendant discriminated against them based on their race and pregnancy status.  Plaintiffs further allege that Defendant retaliated against them for complaining about the purported discrimination.  Plaintiffs sued Defendant for racial discrimination and harassment in violation of 42 U.S.C. § 1981 and for pregnancy discrimination and harassment in violation of the Pennsylvania Human Relations Act ("PHRC").

      **I.**       **PROCEDURAL HISTORY**

      On September 18, 2024, Defendant filed a motion to dismiss Counts I, II, and IV for failure to state a claim.  *See* ECF No. 9 at 5-10.  Defendant also moved to sever or bifurcate Plaintiffs' claims, arguing that each involve different theories of recovery and do not arise out of the same transaction or occurrence.  *Id.* at 10-11.  Plaintiffs' deadline to respond was October 2, 2024.  They never filed a response.  On October 24, 2024, Defendant filed a motion for involuntary dismissal of Counts I, II, and IV pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute based on Plaintiffs' lack of response to Defendant's 12(b)(6) motion.  *See generally* ECF No. 11.  Defendant also renewed its motion to sever.  *Id.*  Plaintiffs filed a

response to Defendant's Rule 41(b) motion and motion to sever on November 21, 2024, after receiving an extension from the Court. *See* ECF Nos. 14-2 (response memo), 15 (order granting extension). For the reasons that follow, the Court will deny Defendant's Rule 41(b) motion.[1]

## II.     LEGAL STANDARD

Involuntary dismissals with prejudice are "drastic sanctions, only appropriate in limited circumstances[.]" *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 177 (3d Cir. 2021) (internal quotations and citations omitted). District courts must consider the factors set forth in *Poulis v. State Farm Fire & Casualty Company*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to involuntarily dismiss a complaint for failure to prosecute. *Goodson v. City of Phila.*, No. 24-1438, 2025 WL 2437831, at *3 (3d Cir. Aug. 25, 2025).

The *Poulis* factors are: (1) extent of the party's personal responsibility in failing to timely prosecute a case; (2) prejudice to the adversary; (3) history of dilatoriness; (4) whether the attorney's conduct was willful or in bad faith; (5) the availability of alternative sanctions; and (6) meritoriousness of the underlying claims. *Poulis*, 747 F.2d at 868-70. No single factor is dispositive, and courts should consider them on balance. *Swiderski v. Harman*, 336 F.R.D. 98, 107 (E.D. Pa. 2020). "[D]oubts should be resolved in favor of reaching a decision on the merits." *Hamer*, 994 F.3d at 177.

## III.    DISCUSSION

Personal Responsibility. Courts look to whether the party, rather than its counsel, is responsible for the delay—with the caveat that "a client cannot always avoid the consequences of

---

[1] Pursuant to this Court's September 24, 2025 Memorandum Opinion and Order on Defendant's motion to dismiss for failure to state a claim, ECF Nos. 17-18, all of Plaintiff Gbohunmi's claims for relief are dismissed with leave to amend. Defendant's motion to sever Plaintiffs' claims is therefore denied as moot.

the acts or omissions of its counsel." *Poulis*, 747 F.2d at 868; *accord Cox v. UPS*, 753 Fed. App'x 103, 105 (3d Cir. 2018); *Garcia v. S&F Logistics*, No. 5:21-CV-04062-JMG, 2022 WL 14228982, at *4 (E.D. Pa. Oct. 24, 2022). For instance, a party may be personally responsible where he or she fails to show up for court appearances and respond to communications from counsel, while counsel's efforts to comply with deadlines have been diligent. *Garcia*, 2022 WL 14228982, at *4.

Defendant argues that "the delays in this case are entirely attributable to Plaintiffs" and their failure to respond to Defendant's motions. ECF No. 11 at 4. Plaintiffs do not address this factor in their response. *See* ECF No. 14-2 at 2. There is no evidence in the record that Plaintiffs are responsible for the delay. All that is known is that Plaintiffs' initial counsel left their firm sometime between the September 18, 2024 filing of Defendant's 12(b)(6) motion and the substitution of Plaintiffs' counsel noticed on November 7, 2024. *See* ECF No. 13 at 1 (explaining that predecessor counsel left the firm and noticing Graham Baird as new counsel for Plaintiffs). This is insufficient to suggest that Plaintiffs are personally responsible for their delay in responding to the 12(b)(6) motion, so this factor weights against dismissal.

<u>Prejudice to the Adversary.</u> Prejudice to an adverse party bears "substantial weight" in a Rule 41(b) motion, and can include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotations omitted). Prejudice can also occur when failure to prosecute burdens a party's "ability to prepare effectively a full and complete trial strategy[.]" *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

As Plaintiffs point out, ECF No. 14-2 at 3, Defendant does not explain how it has been prejudiced by Plaintiffs' delay. It does not allege a loss of evidence or any other burden on its ability to litigate this case. *See* ECF No. 11 at 4-5. Defendant seems to suggest that inaction alone is evidence of prejudice, *see id.*, but the cases it cites in support of this position are distinguishable or inapposite. In *Tillio v. Mendelsohn*, the Third Circuit upheld a district court's involuntary dismissal of a case where the Defendant failed to respond to a complaint for six months and failed to respond to a subsequent show cause order. 256 Fed. App'x 509, 509 (3d Cir. 2007). Here, Defendant filed its 41(b) motion a couple of weeks after Plaintiffs missed the response date to the 12(b)(6) motion.[2] This factor weighs against dismissal.

History of Dilatoriness. Defendant does not address this factor in its motion, *see* ECF No. 11, but it weighs against dismissal. Plaintiffs' failure to respond to the 12(b)(6) motion is the only instance of delay by Plaintiffs in this case. *See Briscoe v. Klaus*, 538 F.3d 252, 261 (3d Cir. 2008) ("conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness") (internal quotations omitted); *see also Adams*, 29 F.3d at 875 (evaluating history of dilatoriness "over the life of a case"). Plaintiffs timely waived service (ECF No. 4), timely filed an amended complaint in response to the initial motion to dismiss (ECF Nos. 6 and 13), and appropriately sought a short extension of time to respond to Defendant's 41(b) motion after substitution of counsel. *See* ECF Nos. 11-13.

Willfulness or Bad Faith. This factor also weighs against dismissal. Conduct is willful or in bad faith if it "'involves intentional or self-serving behavior.'" *Swiderski*, 336 F.R.D. at 105

---

[2] The only other case cited by Defendant, *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728 (3d Cir. 2007), reviews a denial of a Rule 60(b) motion, not a Rule 41(b) motion. Its scant discussion of the underlying 41(b) motion does not support Defendant's position that a singular missed deadline of a couple weeks caused it prejudice or harm. *See Azubuko*, 243 F. App'x at 729.

4

(quoting *Adams*, 29 F.3d at 875). Defendant makes the circular argument that because Plaintiffs violated the local rules by not responding to the 12(b)(6) motion on time, the Court should infer "intentional disregard for this case and the Court's rules." ECF No. 11 at 5-6. Plaintiffs rebut that there is no evidence that they acted in bad faith and that their failure to respond is a "procedural oversight" caused by a transition in representation. ECF No. 14-2 at 3-4. Plaintiffs have the better argument. There is no evidence in the record that Plaintiffs intentionally missed the response deadline or did so for any strategic reason. *See Adams*, 29 F.3d at 875 ("[w]e will not call [a party's] delay willful as there is no indication it was strategic or self-serving").

<u>Alternative Remedies.</u> This factor weighs against dismissal. In theory, other sanctions may be available here for Plaintiffs' failure to respond to the 12(b)(6) motion, such as fines or costs. *See Poulis*, 747 F.2d at 869. But as Plaintiffs point out, ECF No. 14-2 at 4, Defendant has neither asked for alternative remedies nor explained why lesser remedies would not be effective, *see* ECF No. 11 at 5-6. Since involuntary dismissal with prejudice is such a "drastic" remedy, *Hamer*, 994 F.3d at 177, it is not appropriate here absent a showing that lesser remedies are not available and would not be effective.

<u>Meritoriousness of the Underlying Claims.</u> Courts evaluate this factor under the same standard as motions to dismiss for failure to state a claim. *See Briscoe*, 538 F.3d at 263. The Court refers to its September 24, 2025 Memorandum and Order dismissing Counts I and II with leave to amend. *See* ECF Nos. 17-18. Given that several claims remain intact, and others were dismissed with leave to amend, this factor also weighs against dismissal.

**IV.     CONCLUSION**

Because all of the *Poulis* factors weigh against dismissal, the Court will deny Defendant's motion to involuntarily dismiss for failure to prosecute.  An appropriate Order will follow.

BY THE COURT:

_____
MARY KAY COSTELLO, J.