IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAKE GBOHUNMI AND STEPHANIE KEENE,<br>        *Plaintiffs,*<br><br>        v.<br><br>MOMENTUM ADVISORY COLLECTIVE,<br>        *Defendant.* | Civil No. 24-1677 |

**MEMORANDUM**

**Costello, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**December 19, 2025**

      Plaintiffs Alake Gbohunmi and Stephanie Keene are former employees of Defendant Momentum Advisory Collective. Gbohunmi alleges that Defendant retaliated against her for reporting what she perceived to be racial discrimination by Defendant. She filed a claim for retaliation under 42 U.S.C. § 1981. Keene alleges that Defendant discriminated against her on the basis of her pregnancy and terminated her for opposing the alleged discriminatory treatment. She filed claims for pregnancy discrimination and retaliation under the Pennsylvania Human Relations Act ("PHRA"). Defendant has moved to dismiss. For the reasons that follow, the Court will grant Defendant's motion and dismiss this action with prejudice.

**I.　　BACKGROUND & PROCEDURAL HISTORY**

      This Court previously dismissed both Plaintiffs' federal race-based discrimination and retaliation claims because they failed to state claims upon which relief could be granted. *See* ECF No. 17 at 3-11. The Court held that Plaintiff Keene adequately pleaded state-law claims for pregnancy discrimination and retaliation but noted that it would dismiss this case with prejudice if Plaintiffs did not cure the deficiencies in their federal claims. *Id.* at 11-13 & n. 2.

The amended complaint only raises one federal claim—race-based retaliation under Section 1981 on behalf of Plaintiff Gbohunmi. *See generally* ECF No. 22. Gbohunmi's amended retaliation claim alleges that she was hired by Defendant as "a token African American to manage out and terminate African American employees, including Keene." *Id.* ¶ 18. She claims that, after she started the job, "she noticed Black employees and people of color being terminated or pushed out of the company at a disproportionate rate versus that of white employees[.]" *Id.* ¶ 20-1.[1] Gbohunmi reported this perceived mistreatment to one of her supervisors over the phone, stating that "she believed she had been hired . . . to perform those terminations as cover for the company to avoid a race discrimination lawsuit." *Id.* ¶¶ 20-1, 21-1. She cites the "conduct of her supervisors and the organizational environment," her "exclusion . . . from critical meetings," the lack of clear communication about her role and responsibilities, and the "overall hostile treatment she perceived from Defendant's leadership" as the basis for her belief that Defendant engaged in race-based discrimination. *Id.*

Following her complaints, Gbohunmi alleges that she became the target of retaliation, including by being "excluded from meetings," having her emails ignored, and receiving "no clarification on her job duties despite her requests." *Id.* ¶¶ 20-2, 21-2. Gbohunmi further alleges that she "was subjected to gossip and slander within the organization, which extended to other Black colleagues." *Id.* ¶ 20-2. She alleges she filed a formal written complaint "addressing the unfair treatment and the organizational sabotage she was experiencing" but that Defendant continued the retaliation against her by ostracizing her from her team, "subjecting her to psychological abuse, and excluding her from meetings and leaving her off of important

---

[1] The amended complaint is misnumbered and has paragraphs 20 and 21 listed twice, consecutively. The Court refers to the first paragraphs 20 and 21 as "20-1" and "21-1" and the second ones as "20-2" and "21-2."

2

email[s.]" *Id.* ¶ 21-2.  Gbohunmi was terminated within ten days of lodging her complaints.  *Id.* ¶ 22.

Moving to dismiss, Defendant argues that Gbohunmi's retaliation claim fails to allege sufficient factual matter showing she engaged in protected activity under Section 1981 and that her complaints were the but-for cause of her termination.  ECF No. 23 at 4-5.[2]

## II.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads facts sufficient to support a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Facial plausibility demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Assessing plausibility under *Twombly* requires three steps.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  First, the Court must "take note of the elements the

---

[2]   Defendant also asks the Court to dismiss the amended complaint because it was filed two days after the deadline without leave from the Court or Defendant's consent.  *Id.* at 2-4.  The Court declines to do so.  The Third Circuit has expressed a strong preference for liberal leave to amend to ensure that claims are "decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990).  This preference for liberal amendment is so strong that courts may even treat untimely amended pleadings "served without leave of court as properly introduced if the court determines that leave to amend would have been granted had it been sought and if it appears that the parties will not be prejudiced by permitting the amendment." *Gardner v. Authorized Distrib. Network*, 91cv5335, 1992 WL 245873, at *1 (E.D. Pa. Sept. 21, 1992).  The Court already granted Plaintiffs leave to amend, *see* ECF No. 17 at 13, and Defendant does not claim it was prejudiced by Plaintiffs' two-day delay in filing their amended complaint, *see* ECF No. 23 at 3-4.  Accordingly, the Court will resolve the motion on the merits.

plaintiff must plead to state a claim." *Id.* (internal quotations and alterations omitted). Next, the Court must "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the Court must accept as true all "'well-pleaded factual allegations,'" draw all reasonable inferences from those allegations, and "'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alterations omitted). "If the well-pleaded facts do nut nudge the 'claims across the line from conceivable to plausible,' the Court must dismiss the complaint." *Lynch v. Tasty Baking Co.*, 23cv4445, 2024 WL 967842, at *2 (E.D. Pa. Mar. 6, 2024) (quoting *Twombly*, 550 U.S. at 570).

### III.  DISCUSSION

#### A.  Plaintiff Gbohunmi's Amended Retaliation Claim (42 U.S.C. § 1981)

To establish a retaliation claim under Section 1981, a plaintiff must show (1) that she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection between her participation in the protected activity and the adverse employment action. *Castleberry v. STI Grp.*, 863 F.3d 259, 267 (3d Cir. 2017).

To satisfy prong one, a plaintiff must have "act[ed] under a good faith, reasonable belief that a violation existed" when she reported it. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015) (internal quotations omitted). That belief must be "'objectively reasonable.'" *Id.* at 193-94 (quoting *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008)). Courts analyzing the "objectively reasonable" standard at the pleading stage have required at least some non-speculative, non-conclusory factual allegations to support a plaintiff's belief. *See Solkoff v. Pa. State Univ.*, 18cv0683, 2018 WL 11544289, at *1 n. 1 (E.D. Pa. Dec.

4

11, 2018) ("Plaintiff has not pleaded sufficient facts that plausibly show he had an objectively reasonable, good faith belief that he [was] opposing unlawful conduct.").

The Court previously dismissed Gbohunmi's retaliation claim because she failed to allege any non-speculative, non-conclusory facts showing that her belief that she was reporting unlawful conduct by Defendant was objectively reasonable. ECF No. 17 at 9-11. The amended claim suffers from the same defect.

Gbohunmi alleges that her initial complaint to her supervisors about racial discrimination was based on her observation that "Black employees and people of color [were] being terminated or pushed out of the company at a disproportionate rate" to white employees, and her belief that "she had been hired into her position to perform those terminations as cover for the company to avoid a race discrimination lawsuit." ECF No. 22 ¶ 20-1. This is entirely conclusory and speculative. *See Solkoff*, 2018 WL 11544289, at *1 n. 1 ("conclusory and unsupported allegations" insufficient to make belief objectively reasonable); *see also Connelly*, 809 F.3d at 790 ("Perhaps some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual[.]") (internal quotations omitted). Gbohunmi's allegations that Defendant "retaliated" against her and subjected her and other African American colleagues to "slander within the organization" after she formally lodged a complaint "addressing the unfair treatment and organizational sabotage she was experiencing" is also inherently conclusory and speculative. ECF No. 22 ¶ 20-2; *see also Connelly*, 809 F.3d at 790 (allegations containing legal conclusions are not to be credited).

Defendant's alleged exclusion of Gbohunmi from critical meetings, "overall hostile treatment," and failure to communicate with her about her role and responsibilities also do not

5

make Gbohunmi's belief she was reporting unlawful discrimination objectively reasonable. *See* ECF No. 22 ¶ 21-1. These are "[g]eneral complaints of unfair treatment" unconnected to race, color, or national origin. *Davis v. City of Newark*, 417 F. App'x 201, 203 (3d Cir. 2011) (per curiam). Such generalized complaints "do[] not translate into a charge of" unlawful discrimination. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995).

The only non-conclusory fact having anything to do with race is Gbohunmi's allegation that one of her supervisors emailed her at the time of her hiring "asking her what race she is." *See* ECF No. 22 ¶ 17. Courts typically find a good-faith belief where there are specific allegations about racist remarks or clear racial animus supporting a plaintiff's belief that she was reporting unlawful conduct. *See Kengerski v. Harper*, 6 F.4th 531, 540 (3d Cir. 2021) (racist comments about other employees "could have bolstered [Plaintiff's] reasonable belief" that he was reporting unlawful activity). For instance, in *Riley v. Borough of Eddystone*, the plaintiff alleged that one of his coworkers used a racial slur in his presence twice, including once in reference to the plaintiff himself. 24cv1835, 2024 WL 4844794, *4 (E.D. Pa. Nov. 20, 2024). Similarly, in *Lara v. Samuel Adams Pennsylvania Brewing Co., LLC*, the court found that a plaintiff adequately pleaded the first prong of his retaliation claim because he reported a coworker referring to Hispanic employees as "yellow"—which is a clearly "discriminatory, race-based comment." 20cv0498, 2020 WL 5211206, at *2, *10 (E.D. Pa. Sept. 1, 2020).

In contrast, the comment allegedly made by Gbohunmi's supervisor is not inherently discriminatory or reflective of animus towards any particular race. In fact, it does not mention or allude to any specific race at all. *Davis*, 417 Fed. App'x at 203 ("only complaints about discrimination . . . on the basis of race, color, religion, sex, or national origin . . . constitute 'protected activity'" under Title VII). While asking about someone's race may be inappropriate

under certain circumstances, this allegation does not suggest any race-based discrimination or animus by Defendant.  Thus, Gbohunmi's belief that she was reporting unlawful conduct was not objectively reasonable.  Because Gbohunmi has not adequately pleaded that she engaged in protected activity, the Court will dismiss her retaliation claim.

### B. Leave to Amend & Supplemental Jurisdiction Over Plaintiff Keene's PHRA Claims

#### i. Leave to Amend

Courts have broad discretion to grant leave to amend "when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  The Federal Rules express "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile."  *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).

Amendment here would be futile.  The most recent amended complaint is the third complaint filed in this action.  *See* ECF Nos. 1, 8, 22.  Plaintiff Gbohunmi has had ample opportunities to cure the deficiencies in her claims and has failed to allege any new facts that would do so.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment would be futile where civil rights plaintiff "already had two chances to tell his story"); *see also Caiby v. Link*, 22cv1403, 2023 WL 2539011, at *2 (E.D. Pa. Mar. 16, 2023) (dismissing amended complaint with prejudice because the court gave plaintiff "a chance to amend his original complaint, and he has still not stated a claim").  The Court has no reason to believe that Gbohunmi would be able to allege facts sufficient to cure those defects if given a *fourth* bite at the apple.  Accordingly, the Court will dismiss this claim with prejudice.

     ii.  <u>Supplemental Jurisdiction</u>

Finally, as indicated in the Court's Order dismissing the prior complaint, the Court will decline to exercise supplemental jurisdiction over the remaining claims.  *See* ECF No. 17 at 13 & n. 2.  Those claims arise entirely under the PHRA and should be litigated in state court.  *Id.*; *see also* 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction").

## IV. CONCLUSION

Because Plaintiff Gbohunmi failed to cure the defects in her Section 1981 retaliation claim, and because the only claims remaining in this action are Plaintiff Keene's state-law claims, the Court will dismiss this entire action with prejudice.  An appropriate Order will follow.

             **BY THE COURT:**

             _____
             MARY KAY COSTELLO, J.